# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD ZEBROWSKI, | CIVIL ACTION |
| Plaintiff | NO.: |
| vs. | |
| CITY OF PHILADELPHIA; FUTURENET, INC.; | PLAINTIFF REQUESTS A TRIAL BY JURY |
| Defendants. | |

## COMPLAINT

Plaintiff, Leonard Zebrowski, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, City of Philadelphia and FutureNet, INC., and avers the following:

## **PARTIES**

1. PLAINTIFF, LEONARD ZEBROWSKI (hereinafter also referred to as "PLAINTIFF") is an individual, sixty-three (63) years old, who currently resides in the State of New Jersey with an address for purposes of correspondence at 950 Bortons Landing Road Moorestown, NJ 08057.

2. DEFENDANT, CITY OF PHILADELPHIA (hereinafter also referred to as "DEFENDANT CITY") is a municipal organization, existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service at 1515 Arch Street Philadelphia, PA 19102.

3. DEFENDANT, FUTURENET INC. (hereinafter also referred to as "DEFENDANT FUTURENET") is a business organization which is licensed to and regularly

transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 4548 Market Street, Philadelphia, PA 19139.

4. At all relevant times, Plaintiff was an employee of Defendant and entitled to protections under the ADEA and Title VII.

## NATURE OF THE CASE

5. PLAINTIFF complains pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); 43 P.S. Labor § 955, under the laws of the Commonwealth of Pennsylvania, the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"; and seeks damages to redress injuries PLAINTIFF suffered as a result of Defendant's discrimination, harassment, retaliation and the hostile work environment which ultimately led to Plaintiff's unlawful termination from his employment for Defendants.

## JURISDICTION AND VENUE

6. The action involves a Questions of Federal Law under ADEA, Title VII, ADA, PHRA. The honorable Court also had supplemental jurisdiction over the Commonwealth Law Causes of Action.

7. Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF was employed by Defendant and worked in the Philadelphia County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complied of occurred.

8. On or about January 21, 2021, the EEOC issued and sent a Dismissal and Notice of Rights (#530-2021-00763) to PLAINTIFF which set forth the requirement that Plaintiff file a civil action within ninety (90) days of Dismissal and Notice of Rights.

9. This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights which was dated and was sent January 21, 2021.

## MATERIAL FACTS

10. PLAINTIFF suffers from Chronic Obstructive Pulmonary Disease (COPD) and Post traumatic Stress Disorder (PTSD) (herein collectively referred to as "disabilities").

11. In 2008, PLAINTIFF began working for Defendants CITY and FUTURENET working on computers in the Department of Human Services.

12. Beginning in or around 2018, Defendants began to subject PLAINTIFF to severe and pervasive discrimination and harassment due to his age and/or disabilities.

13. Specifically, PLAINTIFF'S supervisor, Ana Ramos-Hernandez, would make disparaging comments about PLAINTIFF'S age.

14. By way of example, Ms. Ramos-Hernandez would make the following statements:

   a) Referred to PLAINTIFF as "aging equipment".

   b) "Len, you're the roadblock to the Department's advancement".

   c) "Len, you're a problem in the corner"

   d) "Len you're not training your replacement(s) fast enough"

15. Ms. Ramos-Hernandez would often single out PLAINTIFF and threatened to terminate his employment due to his age. PLAINTIFF did not have any intentions of leaving his employment.

16. PLAINTIFF made complaints to Defendant FUTURENET'S Technology Recruiter, Noel Lowe, of same, however Mr. Lowe refused to take any remedial action.

17. Beginning late 2018 and early 2019, Ms. Ramos-Hernandez and a coworker, Sunil Reddi would approach PLAINTIFF at his desk and make false accusations against him related to his work product. As Ms. Ramos-Hernandez was PLAINTIFF and Mr. Reddi's supervisor this was incredibly inappropriate behavior.

18. In or around January 2019, PLAINTIFF again made complaints to Mr. Lowe of Ms. Ramos-Hernandez's behavior. Mr. Lowe said that he would look into PLAINTIFF'S complaint.

19. On January 10, 2019, while in the course and scope of his employment, PLAINTIFF fell when the lights in the room abruptly turned off after three (3) minutes. As a result, PLAINTIFF severely injured his right hip. PLAINTIFF had previously reported this unsafe condition to Defendants on numerous occasions verbally and in writing, however nothing was done.

20. On February 17, 2019, PLAINTIFF retained an attorney for his workplace injury.

21. On or around March 10, 2019, PLAINTIFF reached out to Mr. Lowe to follow up on his complaint against Ms. Ramos-Hernandez. PLAINTIFF did not get a response.

22. On March 18, 2019, PLAINTIFF received an email from Defendant FUTURENET'S attorney that such a complaint was never filed, and that PLAINTIFF chose not to make a complaint at the time he spoke to Mr. Lowe.

23. On March 19, 2019 PLAINTIFF sent a request to the Department of Human Services Human Resources Representatives, Vongvilay Mounelasy and Judith Jones-Blank, requesting a meeting to address his complaints.

24. On April 5, 2019, PLAINTIFF met with Ms. Jones-Blank and discussed the discrimination, harassment and intimidation tactics. Ms. Jones-Blank instructed PLAINTIFF to put a generalized statement in writing and to preserve as much documentation as possible.

25. On April 17, 2019, PLAINTIFF delivered his formally written statement to Ms. Jones-Blank.

26. Following PLAINTIFF'S complaint things got worse.

27. In May 2019, Ms. Ramos-Hernandez hired an "Engineering Project Manager", David Armento, to manage and oversee the current Windows Engineering Group projects. Mr. Armento was substantially younger than PLAINTIFF.

28. Further, Ms. Ramos-Hernandez created a new managerial position above PLAINTIFF'S position to manage the team that PLAINTIFF had led for approximately seventeen (17) years. This new position had the authority to sign off on timesheets, as well as hire/fire rights.

29. Lastly Ms. Ramos-Hernandez had elevated all the teams' senior personnel to management level. PLAINTIFF was the only one passed over for one of these newly created positions which were all created to manage the individual groups and report to upper management.

30. On May 15, 2019, The Hartford abruptly closed PLAINTIFF'S Workers' Compensation claim.

31. On June 6, 2019, due to severe pain in his right hip and thigh, PLAINTIFF was taken the Virtua Emergency Department. The treating physician diagnosed PLAINTIFF with Chronic back pain on his right side, sciatica, and right thigh pain.

32. On June 24, 2019, Mr. Lowe reached out to PLAINTIFF and informed him that Defendant CITY wanted to resolve his complaints against Ms. Ramos-Hernandez.

33. On or around August 26, 2019, PLAINTIFF informed Defendants that he was scheduled for major spine surgery on September 30, 2019, and requested to work from home due to the severe pain.

34. On September 27, 2019, on PLAINTIFF'S final day onsite prior to his surgery, Ms. Ramos-Hernandez finally allowed PLAINTIFF to work from home for up to three (3) weeks.

35. On September 30, 2019, PLAINTIFF underwent his spinal surgery.

36. On November 12, 2019, PLAINTIFF was cleared to return to work.

37. January 23, 2020, PLAINTIFF filed a suit against Defendant CITY, U.S. Facilities, and Jones Lang LaSalle for his work injury.

38. Ms. Ramos-Hernandez and Mr. Armento continued to subject Plaintiff to severe and pervasive discrimination and harassment, due to his age and/or disabilities.

39. On October 2, 2020, Mr. Lowe informed PLAINTIFF that, per Ms. Ramos-Hernandez, PLAINTIFF'S employment was terminated and that his services were no longer needed.

40. In reality Defendants terminated PLAINTIFF because of his age.

41. Defendants generalized that due to PLAINTIFF's age he would not be capable of keeping up with modern technology, despite the fact that he was a hard worker with strong performance reviews who had managed several large scale technology projects for them previously.

42. Defendants assumed that due to his age, and for no other reason.

43. DEFENDANTS decision to terminate PLAINTIFF'S employment due to PLAINTIFF'S age was willful and made with full knowledge of the law. Accordingly, PLAINTIFF demands punitive damages against all DEFENDANTS jointly and severally.

44. PLAINTIFF claims that DEFENDANTS unlawfully discriminated against PLAINTIFF because of his age and because the complained of an opposed the unlawful conduct of Defendants related to the above protected class.

45. PLAINTIFF further claims constructive and/or actual discharge to the extent PLAINTIFF is terminated from PLAINTIFF 's position as a result of the unlawful discrimination and retaliation.

46. The above are just some examples, of some of the discrimination and retaliation to which DEFENDANTS subjected PLAINTIFF to on a continuous and on-going basis throughout PLAINTIFF 's employment.

47. The DEFENDANTS have exhibited a pattern and practice of not only discrimination but also retaliation.

48. PLAINTIFF claims alternatively that PLAINTIFF is an Independent Contractor, and PLAINTIFF makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, PLAINTIFF claims that DEFENDANT owed and breached its duty to PLAINTIFF to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

49. PLAINTIFF claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## COUNT I
## DISCRIMINATION AND DISPARATE

**TREATMENT – WRONGFUL TERMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

50. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

51. Defendant is an employer under the ADEA, 29 U.S.C. §630, as it is engaged in an industry affecting commerce and has/had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

52. Plaintiff is an employee under the ADEA as he is an individual employed by an employer.

53. Plaintiff is protected under the ADEA as he is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

54. Defendant violated the ADEA by disparately treating Plaintiff based on age by terminating Plaintiff, among other examples.

55. At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

56. Further, Plaintiff was retaliated against by his employers for his opposition to the discriminatory treatment he endured and for reporting that treatment to Defendants.

57. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

58. As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether its discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

59.     As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and loss of benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

60.     Plaintiff further seeks equitable remedies including a change to Defendant's discriminatory conduct and/or reinstatement.

## COUNT II
## DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

61.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

62.     Section 626 of the ADEA provided it shall be unlawful for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

(4) It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

63.     Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of her his.

64. Defendants' age-based conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

65. Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

66. Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

67. Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

## COUNT III
## RETALIATION UNDER THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT(ADEA)

68. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

69. Section 623 (d) of the ADEA states the following:

"It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

70. Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

71. Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants conduct continued and ratcheted up.

72. Moreover, Plaintiff was subjected to diciplinary measures such as counseling and termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

## COUNT IV
## DISCRIMINATION UNDER TITLE VII
## HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT

73. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

74. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's age or in the alternative his gender.

75. SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in
> any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

76. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his gender and/or in the alternative his age.

77. The discrimination and harassment described above and incorporated into Count Five was severe and pervasive and created a hostile work environment for Plaintiff.

78. Defendants subjected Plaintiff to discrimination and harassment due to Plaintiff's age or in the alternative his gender.

79. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended.

## COUNT V
## RETALIATION UNDER TITLE VII

80. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

81. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

82. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

## COUNT VI
## **DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**

83. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

84. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

85. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

86. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

87. As such, Plaintiff has been damaged as set forth herein.

## COUNT VII
## **RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**

88. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

89. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

90. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter IV, Section 12203, Discrimination [Section 102] states:

   a. "(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or

      because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b. (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

91. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff due to Plaintiff's disability and/or because of his need for reasonable accommodations and/or due to his reports of discrimination and harassment in the workplace.

92. As such, Plaintiff has been damaged as set forth herein.

## COUNT VIII
## DISCRIMINATION UNDER STATE LAW

93. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

94. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

95. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability and/or due to his complaints of race discrimination/harassment .

96. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## COUNT IX
## RETALIATION UNDER STATE LAW

97. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

98. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

99. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## COUNT X
## DISCRIMINATION UNDER STATE LAW

100. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

101. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or

any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

102. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## COUNT X
## DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING

103. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

104. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

105. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

106. The individually named Defendants took active part by aiding, abetting, compelling, and inciting the discrimination and harassment described in detail above.

107. Any individuals who may not have had direct supervisory authority over Plaintiff are still subject to individual liability under this section as they actively took unlawful action against Plaintiff pursuant to the direction, instruction, and sanctioning of individuals with direct supervisory authority over Plaintiff.

108. Individuals without supervisory authority act with supervisory authority when they carry out unlawful discriminatory conduct at the direction and with the express authorization of individuals with supervisory authority.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By: /s/Erica A. Shikunov_____
Erica A. Shikunov, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: erica@dereksmithlaw.com

DATED: April 20, 2021